UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 22-14282-CIV-CANNON/McCabe

**MAXWELL TATUM**,

    Plaintiff,

v.

**WILLIAM D. SNYDER** and
**STEVEN O'LEARY**,

    Defendants.
_____/

**ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
[ECF No. 68] AND DENYING MOTIONS [ECF Nos. 62, 65]**

**THIS CAUSE** comes before the Court upon Magistrate Judge McCabe's Report and Recommendation on Defendant Sheriff William Snyder's Motion for Summary Judgment (the "Report") [ECF No. 68], filed on October 11, 2023. On August 17, 2023, Defendant Snyder filed a Motion for Summary Judgment (the "Motion") [ECF No. 49]. On October 11, 2023, following referral, Judge McCabe issued a Report recommending that the Motion be granted [ECF No. 68 pp. 1, 19]. Plaintiff filed Objections to the Report [ECF No. 70], and Defendant Snyder filed a Response to Plaintiff's Objections [ECF No. 71]. Following review, the Report [ECF No. 68] is **ACCEPTED**; Defendant Snyder's Motion is **GRANTED** [ECF No. 49]; Plaintiff's Motion to Consolidate Cases [ECF No. 65] is **DENIED AS MOOT**; and Plaintiff's Amended Motion *in limine* is **DENIED AS MOOT** [ECF No. 62].

**RELEVANT BACKGROUND**

This case stems from Plaintiff's arrest by a former deputy sheriff of the Martin County Sheriff's Office (MCSO), Steven O'Leary ("O'Leary"), who arrested Plaintiff on June 19, 2018, for possession of illegal drugs [ECF No. 51 ¶ 25]. On or about July 2, 2018, the State of Florida

1

filed an Information charging Plaintiff with Possession of Tetrahydrocannabinol (THC), Possession of Methamphetamine, and Use or Possession of Drug Paraphernalia [ECF No. 51 ¶ 27]. On October 4, 2018, Plaintiff entered a no-contest plea and was adjudicated guilty of all counts [ECF No. 51 ¶ 28]. Thereafter, on January 10, 2019, the Office of the State Attorney for the 19th Judicial Circuit of Florida informed MCSO that three separate items of narcotics evidence submitted by O'Leary failed to test positive for the listed controlled substance [ECF No. 51 ¶¶ 29–30]. Plaintiff's arrest was later found to be a case in which the main controlled substance for which Plaintiff was arrested was misidentified but tested positive for a different controlled substance [ECF No. 51 ¶ 40]. The day after the MCSO learned about the flawed narcotics evidence, O'Leary was placed on administrative leave [ECF No. 51 ¶ 32].

On January 16, 2019, the State Attorney's Office filed a Nolle Prosequi, and all charges against Plaintiff Tatum were dismissed [ECF No. 51 ¶ 35]. In August 2019, O'Leary was charged with a 50-count Information, including multiple counts of official misconduct, making false official statements, tampering with evidence, false imprisonment, second-degree petit theft, and battery [ECF No. 51 ¶ 41]. O'Leary was adjudicated guilty on all fifty counts [ECF No. 51 ¶ 42].

On August 10, 2022, Plaintiff filed this action, alleging violations of the Fourth and Fourteenth Amendments to the United States Constitution as well as common law torts against O'Leary and Defendant Snyder [ECF No. 1]. Plaintiff alleges that drugs were planted in his vehicle, and that O'Leary wrongfully arrested him based on false information [ECF No. 1 ¶¶ 30–31, 38, 40]. The record is undisputed, however, in this misidentified drug case, that Plaintiff did possess a controlled substance on the date of his arrest by O'Leary, although not the controlled substance claimed by O'Leary [ECF No. 51 p. 5]. O'Leary, who remains incarcerated, defaulted in this action [ECF No. 40], leaving only Defendant Snyder as an active defendant.

CASE NO. 22-14282-CIV-CANNON/McCabe

## PROCEDURAL HISTORY

Plaintiff's Complaint asserts in Count II that Defendant Snyder is liable for false arrest, false imprisonment, and malicious prosecution under the Fourth and Fourteenth Amendments to the U.S. Constitution, brought pursuant to 42 U.S.C. § 1983 and *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978) [ECF No. 1 ¶¶ 54–67]. Plaintiff's Complaint also brings common law claims against Snyder in Count III for false imprisonment and false arrest [ECF No. 1 ¶¶ 68–73]. On August 17, 2023, Defendant Snyder moved for summary judgment on all counts against him (Counts II and III) [ECF No 49]. The Court referred the Motion to Magistrate McCabe for a Report and Recommendation [ECF No. 52].

The Report first assesses the timeliness of Plaintiff's theories of false arrest, false imprisonment, and malicious prosecution as raised in Counts II and III—ultimately concluding that the first two theories (false arrest and false imprisonment) are barred under the applicable four-year statute of limitations [ECF No. 68 p. 10–11]. Having done so, the Report addresses the sole remaining timely claim in Plaintiff's complaint—malicious prosecution against Defendant Snyder on a *Monell* failure-to-supervise/train theory of liability[1]—and determines that summary judgment is warranted in favor of Defendant Snyder because no reasonable fact-finder could determine, on the record presented, that Defendant Snyder had notice of Defendant O'Leary's unconstitutional conduct sufficient to support municipal liability on a failure-to-train and supervise theory of liability [ECF No. 68 p. 11–17]. Finally, and in the alternative, the Report concludes that Count III (common law false imprisonment/arrest) is barred under principles of sovereign

---

[1] Although Plaintiff's Complaint does not appear to specifically allege malicious prosecution against Defendant Snyder [ECF No. 1 pp. 18, 21–22 (malicious prosecution allegations against O'Leary only)], the Court accepts the framing of this issue in the Report [ECF No. 1 pp. 10–11].

immunity, and that Defendant Snyder cannot be sued in his official capacity for punitive damages under 42 U.S.C. § 1983 [ECF No. 68 pp. 18–19]. The Report is ripe for adjudication.

## LEGAL STANDARD

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the record. *Macort*, 208 F. App'x at 784. Legal conclusions are reviewed de novo, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

## DISCUSSION

The Court has conducted a de novo review of the Report [ECF No. 68], Plaintiff's Objections [ECF No. 70], Defendant Snyder's Response to Plaintiff's Objections [ECF No. 71], and the full record. Upon review of the foregoing materials, the Court finds Judge McCabe's Report to be well-reasoned and correct.

Plaintiff does not object to the Report's conclusion that two out of the three constitutional theories underpinning Count II of the Complaint (false arrest and false imprisonment) were filed more than four years after those causes of action accrued and hence are untimely under 42 U.S.C. § 1983 and the incorporated Florida four-year statute of limitations [ECF No. 68 p. 10]. Nor does Plaintiff object to the Report's conclusion that a municipality is immune from punitive damages

under 42 U.S.C. § 1983 [ECF No. 19]. The Court finds no error in these determinations and accepts them in full.

The Court now turns to Plaintiff's objections, addressing them in turn.

First, Plaintiff lodges a general criticism of the Report for reaching a different conclusion on summary judgment in this case versus the summary judgment rulings in two related cases, namely *Page, et al. v. O'Leary, et al.*, Case No. 20-14460-CIV-AMC (ECF Nos. 105, 156), and *Martin, et al., v. Snyder et al.*, Case No. 21-14469-CIV-AMC (ECF No. 109) [ECF No. 70 pp. 1–3]. In *Page* and *Martin*, based on the summary judgment records presented therein, the Court permitted a single *Monell* claim to proceed against Defendant Snyder on a failure to train/supervise theory of liability. The Court did so after finding triable issues of fact as to whether Defendant Snyder had notice of O'Leary's wrongdoing, knew of a need to train/supervise O'Leary, and caused the constitutional violations committed against those plaintiffs. The Court's rulings stemmed from the summary judgment records in those cases indicating an unusually high number of narcotics arrests made by O'Leary over a more extended period of time, obvious abnormalities with evidence seized by O'Leary gathered prior to the plaintiffs' arrests in those cases, and knowledge by O'Leary's supervisors of his unusually high number of narcotic arrests—evidence that, in the aggregate, was sufficient to create a genuine issue of material fact on the question of notice and causation. *Page, et al. v. O'Leary, et al.*, [ECF No. 99 p. 12]; *Martin, et al., v. Snyder et al.* [ECF No. 83 p.15].

Plaintiff challenges the Report for not reaching the identical conclusion here on a different record, asserting in dramatic and sweeping terms that failure to reach the same ultimate adjudication here "defies logic and common sense" [*see* ECF No. 70 p. 3]. The Court disagrees. The comprehensive Report properly evaluates the summary judgment record in this case, as Rule 56 of the Federal Rules of Civil Procedure requires [ECF No. 68 pp. 3–8, 12–13, 17]; Fed. R. Civ.

P. 56(a); *see generally Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).  As the Report correctly explains [ECF No. 68 pp. 16–17], that O'Leary's wrongdoing harmed multiple litigants in different proceedings does not obviate the Court's obligation to assess the particular factual record presented in each case under the applicable legal standards, including, of course, the difficult-to-satisfy standard for establishing municipal liability under a failure to supervise/train theory.  *See City of Canton v. Harris*, 489 U.S. 378, 387 (1989); *Lewis v. City of W. Palm Beach*, 561 F.3d 1288, 1293 (11th Cir. 2009); *Am. Fed'n of Lab. & Cong. of Indus. Organizations v. City of Miami, FL*, 637 F.3d 1178, 1189 (11th Cir. 2011); *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998).  Plaintiff's generalized objection fails.

Second, Plaintiff objects to the Report's determination that Defendant Snyder lacked notice of O'Leary's misconduct sufficient to support *Monell* liability on a theory of failure to train/supervise [ECF No. 70 p. 3].  In support of this objection, Plaintiff restates the arguments he made in opposition to Defendant Snyder's Motion, arguing that there are "at least (2) predicate acts of O'Leary's misconduct that should have placed Sheriff Snyder on notice that something was amiss with his policing" [ECF No. 70 p. 3; *see* ECF No. 54 pp. 4, 18].  The first act cited by Plaintiff as purported evidence of Defendant Snyder's notice relates to a May 3, 2018, arrest of another individual for possession of cannabis, where O'Leary submitted two actual marijuana blunts and eight actual grams of loose marijuana into evidence but did not take photographs [ECF No. 50-1 p. 11; *see* ECF No. 54 pp. 3, 5].  The second act cited by Plaintiff occurred on May 28, 2018, during which O'Leary submitted felony charges against another individual for possession of cocaine after submitting into evidence chewed up black straws submitted in a clear plastic bag that O'Leary claimed tested positive for cocaine (but ultimately did not) and another bag containing actual cannabis (but no photographs) [ECF No. 54 p. 18; ECF No. 55 pp. 4–5].

Plaintiff points to no other acts giving rise to Defendant Snyder's alleged notice of O'Leary's problematic policing during the relevant period.

The Report assesses these two pieces of circumstantial evidence in evaluating whether they raise a genuine issue of material fact as to whether Defendant Snyder was on notice that O'Leary was planting drugs on innocent suspects and falsifying statements—ultimately finding no such genuine issue of fact [ECF No. 68 p. 17]. After de novo review, the Court agrees. According to the undisputed record, O'Leary began his employment at the MCSO on February 1, 2018 [ECF No. 51 p. 2]. Of the seventeen total plaintiffs involved in the related *Page* and *Martin* cases, *supra*, Plaintiff was arrested first, on June 19, 2018, only four-and-half months after O'Leary commenced his employment at MCSO, and more than three months before the next earliest arrest of an aggrieved party in the *Page/Martin* cases [ECF No. 51 p. 3; ECF No. 50-2 pp. 1–2]. There is no dispute that O'Leary came to the MCSO with no employment red flags, having voluntarily left his two jobs in law enforcement prior to joining MCSO, and then receiving three satisfactory probationary evaluations during his time in the Uniform Road Patrol Division [ECF No. 51 p. 2; ECF No. 50-1 p. 10; *see* ECF No. 55]. Nor is there a dispute that, notwithstanding what turned out to be criminal conduct on the part of O'Leary in connection with his arrests of two individuals as described above (May 3, 2018, and May 28, 2018) [ECF No. 50-1 pp. 11–12], both instances involved at least some actual narcotics seized and submitted into evidence (albeit without photographs in the first instance and without cocaine (but marijuana) in the second). The same is true for O'Leary's arrest of Plaintiff specifically, as the undisputed facts submitted by the parties indicate that Plaintiff possessed a controlled substance on June 19, 2018, albeit a different controlled substance than what O'Leary claimed [ECF No. 51 p. 5].[2]

---

[2] To the extent Plaintiff's objections could be read to insinuate that he did not possess any drugs when he was arrested by O'Leary [ECF No. 70], that insinuation contradicts the statement in the

CASE NO. 22-14282-CIV-CANNON/McCabe

On this record, applying the difficult-to-meet notice standard, the Court agrees with the Report that there is insufficient evidence in the summary judgment record to create a genuine issue of material fact that Defendant Snyder knew of O'Leary's misconduct sufficient to support failure to train/supervise liability as alleged in the Complaint.[3]

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 68] is **ACCEPTED**.

2. Defendant Snyder's Motion for Summary Judgment [ECF No. 49] is **GRANTED**.

3. Plaintiff's Motion to Consolidate Cases [ECF No. 65] is **DENIED AS MOOT**.

4. Plaintiff's Amended Motion *in limine* is **DENIED AS MOOT** [ECF No. 62].

---

Joint Statement of Undisputed Facts affirming that Plaintiff did in fact possess a controlled substance when he was arrested on June 19, 2018, albeit a different substance than what O'Leary represented [ECF No. 51 p. 5].

[3] Contrary to Plaintiff's Objection [ECF No. 70 pp. 5–6], the Court agrees with the Report that the relevant period of time for evaluating notice as to Defendant Snyder is Plaintiff's arrest on June 19, 2018, and any conduct on or preceding that date [ECF No. 68 pp. 15–16 (citing *Wright v. Sheppard*, 919 F.2d 665, 674 (11th Cir. 1990). As discussed in the Report, an inquiry into *Monell* liability for failure to train/supervise necessarily is backward looking, targeted at determining whether the municipality had information prior to the unconstitutional conduct that would have put it on notice that the wrongdoer was engaging, or had engaged in, unconstitutional conduct. The inquiry then continues to ask whether the municipality, despite such notice, acted with deliberate indifference in taking no action. Framed in that manner, Plaintiff cannot rely on post-arrest facts in an effort to create an issue warranting a trial on his failure to train/supervise theory against Sheriff Snyder [ECF No. 1 p. 3]. This is because any need for training/supervision to avoid the misconduct alleged—in this case, O'Leary's misconduct falsifying statements, tampering with evidence, and falsifying and planting evidence and false arresting citizens to increase his narcotics arrests—would have had to happen (assuming notice) prior to O'Leary's arrest of Plaintiff on June 19, 2018. To the extent there is an attenuated argument to be made, for purposes of malicious prosecution, that the *Monell* inquiry should encompass post-arrest conduct through the period of October 2018 (when Plaintiff pled guilty), Plaintiff cites to no caselaw for that proposition. And in any event, the summary judgment record yields no triable question suggesting that Defendant Snyder's purported failure to train/supervise—which is the only remaining theory left in Plaintiff's Complaint as to Defendant Snyder—can be said to have caused the malicious prosecution of Plaintiff.

5. **On or before February 23, 2024, Plaintiff shall move for entry of default judgment against Defendant O'Leary or file a status report indicating the status of such proceedings**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 11th day of December 2023.

_____
**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record