UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-14282-Cannon/McCabe

MAXWELL TATUM,

    Plaintiff,

v.

WILLIAM D. SNYDER, in his official
Capacity as Sheriff, Martin County,
Florida and STEVEN O'LEARY,
individually,

    Defendants.
_____/

## REPORT AND RECOMMENDATION ON BILL OF COSTS

THIS CAUSE comes before the Court on Defendant Snyder's Bill of Costs (DE 79, DE 84), which was referred to the undersigned by United States District Judge Aileen M. Cannon (DE 82). For the reasons set forth below, the undersigned **RECOMMENDS** that the Bill of Costs be **GRANTED IN PART** and that costs be taxed in the amount of $1,780.53.

**I.    DISCUSSION**

This is a civil rights case. On January 8, 2024, the Court entered summary judgment in favor of Defendant Snyder (DE 81). Pursuant to Fed. R. Civ. P. 54(d)(1), "[u]nless a federal statute, these rules, or a court provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." For purposes of this rule, "prevailing party" means the party in whose favor judgment was rendered by the Court. *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002). Defendant Snyder qualifies as the "prevailing party" here.

As the prevailing party, Defendant Snyder first seeks to tax $55.58 in fees charged by the state court clerk of court to obtain records used in the defense of this case, specifically, a state court change-of-plea transcript and related documents (DE 79-1 at 1-5). Pursuant to 28 U.S.C. § 1920(2), a prevailing party may tax costs for "printed or electronically recorded transcripts necessarily obtained for use in the case." The Court has reviewed the docket here and finds that Defendant Snyder necessarily obtained these state court records for use in this case.

Defendant next seeks to tax $1,724.95 for the costs of Plaintiff's deposition. As a general rule, deposition costs can be taxed pursuant to § 1920(2), so long as the deposition fell within the "proper bounds of discovery." *Procaps v. Patheon Inc.*, No. 12-24356-CIV, 2016 WL 411017, at *4 (S.D. Fla. Feb. 2, 2016). The deposition here, of the Plaintiff himself, fell within the proper bounds of discovery and should be taxed. The Court has reviewed the supporting invoice and finds the amount charged to be reasonable and in accordance with the amounts normally charged by court reporters (DE 79-1 at 7).

Finally, Defendant Snyder seeks to tax $945.00 for the mediator fees associated with a failed mediation on March 31, 2023 (DE 79-1 at 6). "Mediation costs are not specifically enumerated in 28 U.S.C. § 1920, nor are they recognized in this Circuit as being taxable costs thereunder." *Healthcare Res. Mgmt. Grp., LLC v. Econatura All Healthy World, LLC*, No. 20-81501-cv, 2022 WL 1537769, at *5 (S.D. Fla. May 12, 2022); *see also Bates v. Islamorada, Vill. of Islands*, No. 04–10114–CIV, 2007 WL 2113586, at *17 (S.D. Fla. July 23, 2007) (mediation costs not recoverable under § 1920); *Chacon v. El Milagro Care Ctr., Inc.*, No. 07–22835–CIV, 2010 WL 3023833, at *7 (S.D. Fla. July 29, 2010) (same). The Court therefore declines to tax mediation costs.

## II.     RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For the reasons stated above, the undersigned **RECOMMENDS** that the Bill of Costs (DE 79) be **GRANTED IN PART** upon entry of final judgment and that costs be taxed in the amount of $1,780.53.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon.     Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.    *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**IF A PARTY DOES NOT INTEND TO OBJECT TO THIS REPORT AND RECOMMENDATION, THEY SHALL FILE A NOTICE TO THAT EFFECT WITHIN FIVE (5) DAYS.**

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 6th day of February 2024.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE